IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00538-PAB-CYC

LARRY L. BARNES,

    Plaintiff,

v.

OMNICELL,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 36]. The magistrate judge recommends that the Court grant defendant's motion for judgment on the pleadings. *Id.* at 14; Docket No. 19. Plaintiff Larry Barnes filed an objection to the recommendation on July 19, 2024. Docket No. 37. On August 2, 2024, defendant Omnicell filed a response. Docket No. 38. Mr. Barnes filed a reply on August 16, 2024. Docket No. 39.

**I. BACKGROUND**

Mr. Barnes, proceeding pro se, filed suit in *Barnes v. Omnicell*, No. 21-cv-01702-PAB-MEH ("*Barnes I*"), on June 22, 2021. *Barnes I*, Docket No. 1.[1] Mr. Barnes asserted claims to recover "back pay for the unpaid overtime for the last three years and liquidated damages." *Id.* at 5. The complaint in *Barnes I* did not specifically identify the

---

[1] The Court will refer to filings in *Barnes v. Omnicell*, No. 21-cv-01702-PAB-MEH, by their docket number and by indicating that the document was filed in *Barnes I*, e.g. *Barnes I*, Docket No. 1. The Court will refer to filings in this case by its docket number without further description, e.g. Docket No. 1.

legal basis for Mr. Barnes's claims, but the complaint referenced both federal and Colorado regulations. *See id.* In the "Jurisdiction" section of the complaint, Mr. Barnes asserted that the Court had diversity jurisdiction over his claims, identified that he is a citizen of Colorado, and identified that Omnicell is a California citizen. *Id.* at 3.

On September 16, 2021, the Court entered the first scheduling order in *Barnes I*. *Barnes I*, Docket No. 17. The order identifies that Mr. Barnes has two claims, a claim under the Fair Labor Standards Act of 1938 ("FLSA"), 44 U.S.C. §1507, *et seq*., and a claim under the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-1-101 *et seq.* *Id.* at 2. The order states that the Court has federal question jurisdiction over Mr. Barnes's FLSA claim and supplemental jurisdiction over Mr. Barnes's CWA claim. *Id.* The final pretrial order states

> Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, which grants original jurisdiction to the federal District Court in actions arising under federal wage and hour laws. . . . 28 U.S.C. § 1367 is the basis for this Court's supplemental jurisdiction over Plaintiff's state law claims.

Docket No. 64 at 2.

The parties filed cross motions for summary judgment in *Barnes I*. *Barnes I*, Docket No. 43; *Barnes I*, Docket No. 45. On February 22, 2023, Magistrate Judge Michael Hegarty recommended that the Court grant summary judgment for Omnicell on Mr. Barnes's FLSA claim and that the Court decline to exercise supplemental jurisdiction over Mr. Barnes's remaining state law claim. *Barnes I*, Docket No. 57 at 17–18. On September 25, 2023, the Court adopted Judge Hegarty's recommendation. *Barnes I*, Docket No. 68 at 25. The order stated that "the Court will accept Judge Hegarty's recommendation to decline to exercise jurisdiction over Mr. Barnes' state law claims, which Mr. Barnes did not object to." *Id.*

2

Mr. Barnes appealed the Court's order dismissing his FLSA claim. *Barnes I*, Docket No. 70. On May 28, 2024, the Tenth Circuit affirmed the Court's order dismissing Mr. Barnes's FLSA claim. *Barnes v. Omnicell*, 2024 WL 2744761, at *7 (10th Cir. May 28, 2024). Mr. Barnes did not appeal the Court's decision not to exercise supplemental jurisdiction over his CWA claim and the Tenth Circuit did not address the jurisdictional basis for Mr. Barnes's claims in federal court. *See id.* at *1–7.

On December 22, 2023, Mr. Barnes refiled all his claims in the District Court of Jefferson County, Colorado. Docket No. 4 at 1. Mr. Barnes's complaint again fails to identify the legal basis for his claims. *See id.* Instead, the complaint recounts the proceedings in *Barnes I*, states that the "cause of action [is] wage theft," and states that the Jefferson County District Court has jurisdiction under both Colorado and federal law. *See id.* at 2–5. On February 26, 2024, Omnicell removed this case to federal court. Docket No. 1.

On March 26, 2024, Omnicell filed its motion for judgment on the pleadings. Docket No. 19. In the motion, Omnicell argues that the doctrine of claim preclusion bars Mr. Barnes's claims. *Id.* at 5. First, Omnicell asserts that, to the extent that Mr. Barnes brings a claim under the FLSA, the claim is identical to the claim the Court ruled on in *Barnes I*. *Id.* Second, Omnicell maintains that, although the Court's order on the cross-summary judgment motions in *Barnes I* dismissed Mr. Barnes's state law claim without prejudice, and that dismissals without prejudice generally do not have preclusive effect under the doctrine of claim preclusion, Mr. Barnes's state law claim falls within an exception. *Id.* at 6–12. Under this exception, when a plaintiff brings claims over which the court has an alternative basis of jurisdiction, the plaintiff must assert both

3

jurisdictional bases, i.e. federal question jurisdiction and diversity jurisdiction.  *Id.* at 7–8.  If a plaintiff fails to assert diversity jurisdiction when diversity jurisdiction exists and the court dismisses his state law claim without prejudice because the court declines to exercise supplemental jurisdiction over his claim, the dismissal has the effect of a final judgment on the state law claim and precludes him from relitigating the claim in federal court.  *Id.* at 7–11 (citing *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988); *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1163 (1st Cir. 1991).  Omnicell acknowledges that Mr. Barnes claimed diversity jurisdiction in his *Barnes I* complaint and that the Court, in fact, had diversity jurisdiction over Mr. Barnes's CWA claim.  *Id.* at 9–10.  However, Omnicell argues that, because Mr. Barnes did not object to Judge Hegarty's recommendation not to exercise supplemental jurisdiction over his CWA claim and did not appeal that portion of the Court's order dismissing his claim without prejudice, Mr. Barnes's CWA claim falls within the exception whereby the Court's dismissal had the effect of being a final judgment on the merits.  *Id.*  As such, Omnicell argues that the doctrine of claim preclusion bars all of Mr. Barnes's claims and that they should be dismissed.  *Id.* at 7–11.  On April 9, 2024, Mr. Barnes responded, Docket No. 24, and Omnicell replied on March 11, 2024.  Docket No. 28.

On July 5, 2024, Chief Magistrate Judge Hegarty issued a recommendation that the Court grant Omnicell's motion for judgment on the pleadings.  Docket No. 36.  First, Judge Hegarty considered whether the doctrine of claim preclusion barred Mr. Barnes's claims.  *See id.* at 7.  As Judge Hegarty noted, claim preclusion "prevents a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."  *Id.* (alterations omitted) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d

4

821, 831 (10th Cir. 2005)). "Claim preclusion acts to bar a plaintiff's claims when three elements are satisfied: '(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'" *Id.* (quoting *Markley v. U.S. Bank Nat'l Ass'n*, No. 23-cv-01422-PAB-SBP, 2024 WL 1281520, at *5 (D. Colo. Mar. 26, 2024)). Judge Hegarty concluded that "all three elements of claim preclusion are met as to any claim asserted under the FLSA." *Id.* Judge Hegarty determined that final judgment was entered in *Barnes I*, that the parties are identical to the parties in *Barnes I*, and that, not only "does Plaintiff's FLSA claim in this case arise from the same employment relationship, wage dispute with Defendant, and time frame as his FLSA claim in *Barnes I*, but Plaintiff's claim in this case is even based on identical factual allegations." *Id.* at 7–8 (citing *Barnes I*, Docket No. 1; Docket No. 4). As such, Judge Hegarty found that the doctrine of claim preclusion bars Mr. Barnes's FLSA claim and that the Court should grant that portion of Omnicell's motion seeking to dismiss the FLSA claim. *Id.* at 8.

Judge Hegarty, however, rejected Omnicell's argument that the Court's dismissal of his state law claim without prejudice precludes Mr. Barnes from pursuing his CWA claim in this case. *Id.* at 8–11. Judge Hegarty found that, unlike in cases where a plaintiff fails to plead diversity jurisdiction when he had the opportunity, Mr. Barnes specifically alleged diversity jurisdiction in *Barnes I*. *Id.* at 9–10 ("I disagree with Defendant's first claim, that Plaintiff failed to assert diversity jurisdiction in *Barnes I*. As detailed above, in *Barnes I*, Plaintiff pleaded diversity jurisdiction. Defendant admitted that diversity jurisdiction existed. Factually, diversity jurisdiction did exist. Plaintiff

repeated the assertion of diversity jurisdiction in his Motion for Summary Judgment, and Defendant again admitted it in its Response.").

Nevertheless, Judge Hegarty found that Mr. Barnes's state law claim is precluded under the doctrine of claim splitting. *Id.* at 11–12. Judge Hegarty stated that, "[c]losely related to the doctrine of res judicata, the rule against claim splitting also requires a plaintiff to assert all of his causes of action arising from a common set of facts in one lawsuit." *Id.* at 11 (citing *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). The recommendation states

> In the Tenth Circuit, the test for impermissible claim splitting "is not whether there is finality of judgment, but whether the first suit, *assuming it were final*, would preclude the second suit." [*Katz*, 655 F.3d at 1218] (emphasis added); *see also id.* at 19 ("When we assess whether duplicative claims have been asserted, we *assume* the finality of the first suit for the purposes of the analysis."). Regardless of whether Judge Brimmer's dismissal of Plaintiff's state law claims without prejudice in *Barnes I* has preclusive effect under *Shaver* et al., *assuming* it is a final judgment of those claims, Plaintiff's state law claims in *Barnes II* would be precluded under the res judicata analysis discussed above. Thus, the current lawsuit constitutes improper claim splitting. Because Plaintiff has already filed a lawsuit over unpaid wages – suing the same party, asserting the same rights, seeking the same relief, founded upon the same facts – he was required to bring all theories pertinent thereto in one case. Accordingly, I recommend Defendant's Motion be granted as to any state law claims asserted in this case[.]

*Id.* at 12.

On July 19, 2024, Mr. Barnes objected to Judge Hegarty's recommendation. Docket No. 37. On August 2, 2024, Omnicell responded, Docket No. 38, and Mr. Barnes replied on August 16, 2024. Docket No. 39.

## II. LEGAL STANDARD

A court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6).

6

*See Adams v. Jones*, 577 F. App'x 778, 781–82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)).  The court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same."  *Id*. at 782.  To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  *United States v. Any & All Radio Station Transmission Equip*., 207 F.3d 458, 462 (8th Cir. 2000); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed.) (a "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court"); *see also Park Univ. Enters.*, 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (quotation marks and citation omitted)).  A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c).  Fed. R. Civ. P. 12(h)(2).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard

requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

The court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's *pro se* status, the Court construes his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

Mr. Barnes makes six objections to Judge Hegarty's recommendation.  *See* Docket No. 37 at 1–15.

1. **First Objection**

Mr. Barnes objects to that portion of the recommendation in which Judge Hegarty states "the Parties' briefing on their cross motions for summary judgment further muddied the waters as to the basis of the Court's jurisdiction."  *Id.* at 1 (quoting Docket No. 36 at 2 (referring to the *Barnes I* cross motions for summary judgment)).  Mr. Barnes objects to this characterization and states that he asserted diversity jurisdiction in his briefing on the parties' cross motions for summary judgment in *Barnes I*.  *Id.*  Mr. Barnes fails to identify an error in Judge Hegarty's recommendation, given that the recommendation accurately quotes the parties' briefing on the cross motions for summary judgment.  *See* Docket No. 36 at 2–3.  Judge Hegarty's characterization of the briefing as "muddy" is immaterial.  Moreover, Mr. Barnes fails to identify any prejudice to him from Judge Hegarty's determination that the parties' briefing discussed different bases for the Court's jurisdiction, given that Judge Hegarty found that Mr. Barnes did assert diversity jurisdiction in both his complaint and in his briefing on the cross motions for summary judgment.  *Id.* at 9–10 ("I disagree with Defendant's first claim, that Plaintiff failed to assert diversity jurisdiction in *Barnes I*.  As detailed above, in *Barnes I*, Plaintiff pleaded diversity jurisdiction.  Defendant admitted that diversity jurisdiction existed.  Factually, diversity jurisdiction did exist.  Plaintiff repeated the assertion of diversity jurisdiction in his Motion for Summary Judgment, and Defendant again admitted it in its Response.").  Therefore, the Court overrules Mr. Barnes's first objection.

2. **Second Objection**

Mr. Barnes objects to Judge Hegarty's finding that "Plaintiff mentioned diversity jurisdiction in the [motion for summary judgment's] undisputed fact section, [*Barnes I*,

9

Docket No. 43 at 2] ("Jurisdiction, diversity of citizenship, is not disputed."), but otherwise did not address it."  Docket No. 37 at 2 (quoting Docket No. 36 at 3).  Mr. Barnes states that his motion for summary judgment in *Barnes I* not only stated that "[j]urisdiction, diversity of citizenship, is not disputed," but also cited "Defendant Omnicell's answer to Plaintiff's complaint, filed 8/11/21, p.2, section C."  *Id.*  Mr. Barnes's objection addresses a portion of Judge Hegarty's recommendation that was not material to Judge Hegarty's analysis.  As discussed above, Judge Hegarty's recommendation accurately states that Mr. Barnes's pleading and motion for summary judgment asserts diversity jurisdiction.  Docket No. 36 at 9.  The recommendation also rejects Omnicell's argument that the Court should dismiss Mr. Barnes's claims because he failed to assert diversity jurisdiction, regardless of the further support Mr. Barnes claims he provided.  *Id.*  As such, Mr. Barnes attempts to raise an issue of fact that is immaterial, and the Court overrules his second objection.  *See Sanchez v. Guzman*, No. 19-cv-01871-RMR-MEH, 2022 WL 4844462, at *9 (D. Colo. Aug. 30, 2022), *aff'd*, 105 F.4th 1285 (10th Cir. 2024) ("Plaintiffs' attempts to raise disputes of fact are not material to the Court's determination that summary judgment is warranted, and these objections are OVERRULED.").

### 3. Third Objection

Judge Hegarty's recommendation asserts that the scheduling order and the final pretrial order in *Barnes I* state that the Court is exercising federal question jurisdiction over Mr. Barnes's FLSA claim and supplemental jurisdiction over his state law claims. Docket No. 36 at 2–3.  The recommendation states that, "[a]lthough defense counsel

10

created the first drafts of both the Scheduling Order and Final Pretrial Order, defense counsel consulted with Plaintiff on both." *Id.* at 4. In a footnote, Judge Hegarty states

> I find it was pure mistake by *both* Parties that diversity jurisdiction was not raised in the Scheduling Order or the Final Pretrial Order in *Barnes I*. I am certain the omission was inadvertent by Plaintiff, and I do not believe Defendant's counsel deliberately excluded reference to diversity jurisdiction. To believe otherwise would raise serious ethical concerns which are not supported by the record currently before me.

*Id.* at 10 n.3.

In his objection, Mr. Barnes alleges that there were "several misrepresentations made by Defendant's counsel" in *Barnes I*. Docket No. 37 at 2. Mr. Barnes's objection identifies multiple instances of defense counsel allegedly making misrepresentations to the Court, which Mr. Barnes claims are "[g]athered from the record" of *Barnes I*. *Id.* at 2–9.

Mr. Barnes does not make a specific objection to Magistrate Judge Hegarty's recommendation based on these alleged misrepresentations. *See id.* Mr. Barnes appears to be arguing that the alleged misrepresentations highlighted in the objection support the inference that Omnicell intentionally failed to include diversity jurisdiction while drafting the proposed scheduling and final pretrial orders. As such, Mr. Barnes appears to assert that Judge Hegarty erred in concluding that the omission was unintentional. Whether counsel for Omnicell intentionally failed to include diversity jurisdiction in its proposed orders to the Court is immaterial to whether Mr. Barnes's claims are barred by the doctrines of claim preclusion and claim splitting, given that Judge Hegarty found that Mr. Barnes did assert diversity jurisdiction. Docket No. 36 at

11

9. Therefore, the Court will overrule Mr. Barnes's third objection. *Sanchez*, 2022 WL 4844462, at *9 (courts may overrule objections that raise immaterial issues of fact).[2]

### 4. Fourth Objection

The entirety of Mr. Barnes's fourth objection is that the "first element of claim preclusion, a final judgment on the merits, was not met for all of the reasons set forth previously for number 3." Docket No. 37 at 10. The Court construes Mr. Barnes's objection to argue that, because defense counsel made the misrepresentations Mr. Barnes identifies in his third objection, the Court incorrectly granted summary judgment for Omnicell, and that because the Court incorrectly granted summary judgment for Omnicell, there has not been a final judgment in *Barnes I* that would preclude Mr. Barnes's claims. Mr. Barnes appears to object to Judge Hegarty's finding that the first element of claim preclusion is satisfied in this case by the final judgment issued in *Barnes I* regarding Mr. Barnes's FLSA claim. *See* Docket No. 36 at 7 ("First, a final judgment was reached in *Barnes I* on the merits of Plaintiff's FLSA claim."). Mr. Barnes provides no support for the proposition that a judgment is not final for purposes of claim preclusion if that judgment was incorrect. Instead, "[a] final judgment is no less final because it is wrong." *Johnson v. Spencer*, 950 F.3d 680, 696 (10th Cir. 2020) (quoting

---

[2] Mr. Barnes's third objection states that the Court did not review certain evidence that Mr. Barnes produced in the cross motions for summary judgment in *Barnes I*. Docket No. 37 at 4. The Court declined to consider this evidence because it was not properly before the Court. *See Barnes I*, Docket No. 68 at 8 ("the Court is under no obligation to read through Mr. Barnes' voluminous exhibits or to compare them to other documents to ascertain their authenticity and applicability to Mr. Barnes' motion for summary judgment"). The Court's order on the cross-summary judgment order has been affirmed by the Tenth Circuit. *Barnes*, 2024 WL 2744761, at *7. Mr. Barnes cannot collaterally attack the proceedings in *Barnes I* in this case. Mr. Barnes's arguments do not address Magistrate Judge Hegarty's recommendation, and the Court will not consider any of Mr. Barnes's arguments regarding the Court's evidentiary rulings in *Barnes I*.

Aaron-Andrew P. Bruhl, *Deciding When to Decide: How Appellate Procedure Distributes the Costs of Legal Change*, 96 Cornell L. Rev. 203, 211–12 (2011)); *In re Greenstein*, 576 B.R. 139, 159 (Bankr. C.D. Cal. 2017), *aff'd*, 589 B.R. 854 (C.D. Cal. 2018), *aff'd*, 788 F. App'x 497 (9th Cir. 2019) ("Claim preclusion bars a plaintiff from relitigating claims adjudicated in a prior judgment, even if the prior decision was wrongly decided."); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."). Even if the Court incorrectly granted summary judgment for Omnicell on Mr. Barnes's FLSA claim, Judge Hegarty did not err in concluding that the first element of claim preclusion is stratified for Mr. Barnes's FLSA claim. Therefore, the Court overrules Mr. Barnes's fourth objection.

### 5. Fifth Objection

Mr. Barnes objects to Judge Hegarty's conclusion that the doctrine of claim splitting and claim preclusion bars his CWA claim. Docket No. 37 at 10. Mr. Barnes argues that Judge Hegarty erred in concluding that the doctrine of claim splitting applies to this case's circumstances. *Id.* He asserts that the doctrine of claim splitting applies when a plaintiff has filed separate cases based on the same causes of action in different forums, whereas Mr. Barnes filed all his claims in a single lawsuit. *Id.*

Mr. Barnes relies on the Court's order in *Markley*, 2024 WL 1281520, at *6. *Id.* at 11. In *Markley*, the plaintiff brought a state law claim of wrongful discharge against his employer, U.S. Bank. *Markley*, 2024 WL 1281520, at *3. As in this case, plaintiff had previously filed federal and state law claims against his employer in federal court and,

13

like this case, the Court dismissed plaintiff's federal claims on the merits with prejudice. *Id*.  However, the Court dismissed Mr. Markley's state law claims without prejudice because the Court declined to exercise supplemental jurisdiction over them.  *Id*.  Unlike the facts of this case, even though there was diversity jurisdiction in the first case, Mr. Markley failed to allege diversity jurisdiction.  *Id*.  When Mr. Markley refiled his state law claims in state court and U.S. Bank removed those claims to federal court, U.S. Bank argued that Mr. Markley was precluded from pursuing his state law claims "because of the doctrines of claim splitting, claim preclusion, law of the case, and issue preclusion." *Id*.  In addressing U.S. Bank's claim splitting argument, the Court stated

> US Bank further argues that Mr. Markley has impermissibly split his claims. Docket No. 17 at 10.  "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." [*Katz*, 655 F.3d at 1217].  "By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'"  *Id.* (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)).  "It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed."  *Hartsel Springs Ranch*, 296 F.3d at 990.  First, the Court notes that US Bank misunderstands the appropriate procedural posture of a claim splitting argument.  A claim splitting argument applies when a plaintiff has filed two claims in separate but related suits, neither of which has proceeded to a final adjudication.  *Id.* at 987 n.1 ("It is clear that a motion to dismiss based on improper claim-splitting need not – indeed, often cannot – wait until the first suit reaches final judgment." (citing *Calderon Rosado v. Gen. Elec. Circuit Breakers, Inc.,* 805 F.2d 1085, 1087 (1st Cir.1986) (recognizing that, if two suits based on the same claim are pending, but the defendant waits to file a motion to dismiss until "after judgment enters on one of the two," then "the motion should be denied"))).  Here, Mr. Markley did not improperly split his claims.  Rather, he filed both of his claims in a single action in federal court.  Mr. Markley's state law claim ended up in state court, not through a tactical decision by Mr. Markley, but because Judge Moore declined to exercise supplemental jurisdiction over Mr. Markley's state law claim.  [*Markley v. U.S. Bank Nat'l Ass'n*, No. 19-cv-01130-RM-NYW, 2021 WL 2184850, at *5 (D. Colo. May 28, 2021), *aff'd*, 59 F.4th 1072 (10th Cir. 2023)].  It was not improper for Mr. Markley to refile his claim in state court, and US Bank's removal of the case to federal court does not turn that action into improper claim splitting.

14

*Id.* at *5 (footnote omitted).

Omnicell responds to Mr. Barnes' reliance on *Markley* by stating that, "[a]lthough Plaintiff cites to *Markley v. U.S. Bank*, 2024 WL 1281520 (D. Colo. March 26, 2024), he does not explain how this citation supports his argument or how it undermines Recommendation II.  This objection, to the extent it can be ascertained, does not support reversing the dismissal of the Barnes II complaint."  Docket No. 38 at 5.  The Court disagrees.  First, Mr. Barnes cites the specific portion of Judge Hegarty's recommendation that he objects to and clearly states the basis for his objection, namely, that Judge Hegarty erred in concluding that the doctrine of claim splitting is applicable to the circumstances of this case.  Docket No. 37 at 10 (citing Docket No. 36 at 11–12); *2121 East 30th Street*, 73 F.3d at 1059 (an objection must be specific enough to enable the court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute").  Second, the Court finds that its analysis in *Markley* is applicable to this case.

In his recommendation, Judge Hegarty found that, when courts "assess whether duplicative claims have been asserted, [courts] *assume* the finality of the first suit for the purposes of the analysis."  Docket No. 36 at 12 (citing *Katz*, 655 F.3d at 1219).  In *Katz*, the Tenth Circuit explained that a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *Katz*, 655 F.3d at 1217 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000)).  The court noted that "more recent cases analyze claim-splitting as an aspect of res judicata."  *Id.* (citing *Hartsel,* 296 F.3d at 986 (collecting cases)).  However, while courts "analyze claim splitting as an aspect of res judicata, the claim-splitting doctrine does not

fall within a conventional res judicata analysis." *Id.* at 1218. Instead, "a final judgment is not a necessary component of the claim-splitting analysis" because "a motion to dismiss based on improper claim-splitting need not – indeed, often cannot – wait until the first suit reaches final judgment . . . . Thus, in the claim-splitting context, the appropriate inquiry is whether, *assuming that the first suit were already final,* the second suit could be precluded pursuant to claim preclusion." *Id.* (quoting *Hartsel*, 296 F.3d at 987 n.1). Requiring a final judgment would collapse the claim splitting and claim preclusion analysis and would defeat "the district court's comprehensive management of its docket" to further the "interests of promoting judicial economy and shielding parties from vexatious concurrent or duplicative litigation." *Id.*

As the Court explained in *Markley*, a "claim splitting argument applies when a plaintiff has filed two claims in separate but related suits, neither of which has proceeded to a final adjudication." *Markley*, 2024 WL 1281520, at *5. Here, Mr. Barnes did not improperly split his claims. Instead, he filed both claims in a single action in federal court. *See id.* Moreover, no assumption of finality is required in this case. Final judgment in *Barnes I* was entered on September 25, 2023, *Barnes I,* Docket No. 69, and the Tenth Circuit affirmed the judgment on May 28, 2024. *Barnes*, 2024 WL 2744761, at *7. Because there was a final judgment in *Barnes I*, the Court finds that Judge Hegarty erred in applying the doctrine of claim splitting to this case and in assuming the finality of the judgment as to Mr. Barnes's state law claims.

In *Barnes I*, the Court declined to exercise supplemental jurisdiction over Mr. Barnes's state law claim, and dismissed the claim without prejudice. *See Barnes I*, Docket No. 68 at 25. "Generally, a dismissal without prejudice is a dismissal that does

16

not operate as an adjudication upon the merits, and thus does not have a res judicata effect." *Harris v. City Cycle Sales, Inc.*, 112 F.4th 1272, 1291 n.6 (10th Cir. 2024) (quotation and alterations omitted) (quoting *Santana v. City of Tulsa*, 359 F.3d 1241, 1246 n.3 (10th Cir. 2004)).  For the reasons discussed in Judge Hegarty's recommendation, because Mr. Barnes asserted diversity jurisdiction in *Barnes I*, Omnicell cannot rely on the exception that would turn the dismissal without prejudice into a final judgment on the merits of Mr. Barnes's state law claim.  Docket No. 36 at 9.  As such, the state law claim is not barred by the doctrine of claim preclusion because the first element of claim preclusion is not satisfied.  *Markley*, 2024 WL 1281520, at *5 (claim preclusion requires "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits").  Therefore, the Court will sustain Mr. Barnes's objection and deny that portion of Omnicell's motion seeking to dismiss Mr. Barnes's state law claim.

### 6. Sixth Objection

In Mr. Barnes's sixth objection, he lists several objections that he made to Judge Hegarty's recommendation on the cross motions for summary judgment in *Barnes I* that he claims the Court and the Tenth Circuit failed to properly consider.  Docket No. 37 at 11–12.  For the reasons discussed above, the Court will not consider Mr. Barnes's objections to the extent he seeks to relitigate issues finally decided in *Barnes I*.  Therefore, the Court overrules Mr. Barnes's sixth objection.

### IV. CONCLUSION

For the foregoing reasons, it is

17

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 36] is **ACCEPTED in part** and **REJECTED in part**. It is further

**ORDERED** that plaintiff's Objection to Recommendation of United States Magistrate Judge [Docket No. 37] is **OVERRULED in part** and **SUSTAINED in part**. It is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings [Docket No. 19] is **GRANTED in part** and **DENIED in part**.

DATED March 14, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge