IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00538-PAB-CYC

LARRY L. BARNES,

    Plaintiff,

v.

OMNICELL,

    Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

On March 14, 2025, the district judge in this case found that plaintiff Larry L. Barnes' Fair Labor Standards Act claim against defendant Omnicell was precluded, but that his state-law wage-theft claim was not. *Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 815384, at *7–8 (D. Colo. Mar. 14, 2025) ("Barnes II Order"). The plaintiff now seeks leave to amend his complaint to add a retaliation/wrongful termination claim. ECF No. 47. Although the additional claim comes late, it is not with undue delay or prejudice and, as such, the motion is granted.

## BACKGROUND

The history of this and another case the plaintiff filed against the defendant is discussed in depth in prior rulings. *See, e.g., Barnes v. Omnicell*, No. 24-cv-00538-PAB-MEH, 2024 WL 3738929, at *1–3 (D. Colo. July 5, 2024) ("Barnes II Recommendation"), *recommendation adopted in part and rejected in part*, Barnes II Order. A more succinct background suffices here.

In June 2021, the plaintiff filed a different federal lawsuit against the defendant ("Barnes I") asserting claims for back pay that the Court construed as claims under the Fair Labor

Standards Act of 1938 ("FLSA"), 44 U.S.C. § 1507 *et seq.*, and the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-1-101 *et seq.* Barnes II Order, at *1. In *Barnes I*, summary judgment entered for the defendant on the FLSA claim, and the Court declined to exercise supplemental jurisdiction over the CWA claim. *Id*. The Tenth Circuit affirmed. *Barnes v. Omnicell*, No. 23-1336, 2024 WL 2744761, at *7 (10th Cir. May 28, 2024) (unpublished). Following that ruling, the plaintiff sought to vacate the judgment in *Barnes I* and amend his complaint. Those requests were denied. *Barnes v. Omnicell*, No. 21-cv-01702-PAB-MEH, 2025 WL 2530639, at *1–5 (D. Colo. Sept. 3, 2025) ("Barnes I Order"). A motion for reconsideration is pending.

While *Barnes I* was on appeal, the plaintiff "refiled all his claims in the District Court of Jefferson County, Colorado." Barnes II Order, at *2. The "complaint recounts the proceedings in *Barnes I*, states that the 'cause of action [is] wage theft,' and states that the Jefferson County District Court has jurisdiction under both Colorado and federal law." *Id*. The defendant removed the case to federal court in February 2024. *Id*. That is the instant action ("Barnes II"). Soon after, the defendant filed its Answer, ECF No. 12, and then filed a motion for judgment on the pleadings. ECF No. 19. That motion resulted in dismissal of the FLSA claim. Barnes II Order, at *8. The CWA wage theft claim remains.

Prior to the Court's dismissal of the FLSA claim, the plaintiff sought leave to amend his complaint, ECF No. 40, which was denied without prejudice on procedural grounds. ECF No. 46 at 1. In response, the plaintiff filed the instant motion seeking leave to amend his complaint to add a claim of retaliation/wrongful termination. ECF No. 47.

## ANALYSIS

Under Rule 15(a), once twenty-one days have passed following service of a responsive pleading, a party may amend its complaint only with leave of the court or written consent of the

2

adverse party. Fed. R. Civ. P. 15(a)(2); s*ee Foman v. Davis,* 371 U.S. 178, 182 (1962). Such leave is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), because ultimately "the 'purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Watkins v. Action Care Ambulance, Inc.*, No. 07-cv-02598-PAB-BNB, 2010 WL 940990, at *1 (D. Colo. Sept. 24, 2010) (quoting *Minter*, 451 F.3d at 1204). However, a court may refuse leave "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *see Foman v. Davis,* 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). The defendant bears the burden of proving that the amendment should be refused on one of these bases. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

The defendant relies on undue delay, ECF No. 48 at 5–8, but does not meet its burden. There has been some delay: the plaintiff filed this case on December 22, 2023, ECF No. 4 at 2; it was removed on February 26, 2024, ECF No. 1; and the plaintiff moved to amend over nine months later. But "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205.

Instead, "[e]mphasis is on the adjective" — delay must be "undue," with a focus "primarily on the reasons for the delay" and whether their insufficiency indicates, for instance, "that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to

3

avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Id.* at 1205–06 (quotation marks omitted). There is little such indication here. The retaliation claim could not have been included in *Barnes I*'s initial filing because it alleges retaliation because of *Barnes I*. ECF No. 47-2 at 9–10. In addition, the plaintiff says that he did not think he could bring a retaliation claim in state court when he filed *Barnes II*. ECF No. 47 at 5. On its own, that explanation is not fully convincing. While the Court must construe the pro se plaintiff's pleadings liberally, *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), he maintains the same obligation to comply with procedural rules and substantive law as represented parties. *See Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012). Amongst those rules is a lack of excuse for "general confusion" about the law. *Huggins v. Reilly*, 679 F. App'x 679, 682 (10th Cir. 2017). However, the plaintiff adds that a November 26, 2024 filing in *Barnes I* first gave him the idea to add his retaliation/wrongful termination claim here. ECF No. 49 at 2. Indeed, the filing in question faulted the plaintiff for not asserting that claim in this case. *See* Def.'s Resp. in Opp'n to Pltf.'s Mot. For Leave to Amend Compl. 9, Barnes I, ECF No. 85 (D. Colo. Nov. 26, 2024). The plaintiff's initial motion for leave to amend in this case came two weeks later. ECF No. 40. Such prompt action is hardly undue delay.

The defendant protests that the plaintiff knew of the newly alleged facts prior to filing *Barnes II* and, therefore, his request to amend should be denied. ECF No. 48 at 6. To be sure, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). However, if the plaintiff provides "an adequate explanation for the delay," a court may conclude that amendment is not unduly delayed. *Minter*, 451 F.3d at 1206. Here, the

4

plaintiff's explanation is sufficient — or at least not one that masks using amendment for an improper, prejudicial purpose. *Id*. As a result, while some time has passed, it does not appear that any delay is undue. *Briggs v. Deutsche Bank Nat'l Tr. Co.*, No. 13-cv-02433-MSK-KLM, 2014 WL 561659, at *2 (D. Colo. Feb. 13, 2014).

Nor is there unfair prejudice justifying denial of leave to amend. Courts find such prejudice when an amendment unfairly affects the opposing party "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quotation marks omitted). That occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. Here, the additional claim purportedly arises out of retaliation for the plaintiff bringing the existing wage-related claim. *See Handy v. Guerrero-Diaz*, No. 14-cv-03291-WYD-MEH, 2015 WL 13215659, at *3 (D. Colo. Dec. 18, 2015) (finding new claim of retaliation for filing case to not be unduly delayed nor prejudicial), *recommendation adopted*, 2016 WL 1376546 (D. Colo. Apr. 7, 2016). And while discovery on this claim may extend this litigation, ECF No. 48 at 9, and "[a]s a general rule, the risk of substantial prejudice increases with the passage of time," 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488 (3d ed.), the defendant has not shown that the amendment unfairly affects it "in terms of preparing [its] defense to the amendment." *Minter*, 451 F.3d at 1207 (quotation marks omitted); *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) ("A mere passage of time, by itself, is insufficient; rather, there must be an affirmative showing of either prejudice or bad faith."). Further, while this case is unusual in that there was a prior case between these parties in which the plaintiff's FLSA claim was considered, that alone is not a reason to find prejudice.

5

In sum, this case, *Barnes II*, is at an early stage of the litigation where neither the Scheduling Conference nor discovery has taken place, the plaintiff has an understandable explanation for the delay in his amendment, and such amendment is not prejudicial. His motion should be granted. *See Briggs*, 2014 WL 561659, at *2; *cf. GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100 (2d Cir. 2019) (discussing amendment of answer to add counterclaim).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Larry L. Barnes' Motion for Leave to Amend Complaint, ECF No. 47. Accordingly, it is further ORDERED that the Clerk of the Court shall docket ECF No. 47-2 as a separate document on the docket, which shall be the plaintiff's Amended Complaint, and the defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 12(a).

Entered this 24th day of November, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge