IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00538-PAB-CYC

LARRY L. BARNES,

    Plaintiff,

v.

OMNICELL,

    Defendant.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

    The defendant requests a stay of discovery pending resolution of their pending objection and motion to dismiss. ECF No. 65. For the reasons that follow, the motion to stay is **GRANTED**.

## BACKGROUND

    The history of this and another case the plaintiff filed against the defendant are discussed in depth in prior rulings. *See, e.g., Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 3267801, at *1–2 (D. Colo. Nov. 24, 2025); *Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 815384, at *7–8 (D. Colo. Mar. 14, 2025). A more succinct background suffices here.

    In June 2021, the plaintiff filed a different federal lawsuit against the defendant ("Barnes I") asserting claims for back pay that the Court construed as claims under the Fair Labor Standards Act of 1938 ("FLSA"), 44 U.S.C. § 1507 *et seq.*, and the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-1-101 *et seq*. *Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 3267801, at *1 (D. Colo. Nov. 24, 2025). In *Barnes I*, summary judgment entered for

the defendant on the FLSA claim, and the Court declined to exercise supplemental jurisdiction over the CWA claim. *Id*. The Tenth Circuit affirmed. *Barnes v. Omnicell*, No. 23-1336, 2024 WL 2744761, at *7 (10th Cir. May 28, 2024) (unpublished). Following that ruling, the plaintiff sought to vacate the judgment in *Barnes I* and amend his complaint. Those requests were denied. *Barnes v. Omnicell*, No. 21-cv-01702-PAB-MEH, 2025 WL 2530639, at *1–5 (D. Colo. Sept. 3, 2025). A motion for reconsideration is pending.

While *Barnes I* was on appeal, the plaintiff "refiled all his claims in the District Court of Jefferson County, Colorado." *Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 815384, at *2 (D. Colo. Mar. 14, 2025). The "complaint recounts the proceedings in *Barnes I*, states that the 'cause of action [is] wage theft,' and states that the Jefferson County District Court has jurisdiction under both Colorado and federal law." *Id*. The defendant removed the case to federal court in February 2024. *Id*. That is the instant action ("Barnes II"). Soon after, the defendant filed its Answer, ECF No. 12, and then filed a motion for judgment on the pleadings. ECF No. 19. That motion resulted in dismissal of the FLSA claim. *Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 815384, at *8 (D. Colo. Mar. 14, 2025). The CWA wage theft claim remains.

Prior to the Court's dismissal of the FLSA claim, the plaintiff sought leave to amend his complaint, ECF No. 40, which was denied without prejudice on procedural grounds. ECF No. 46 at 1. The plaintiff then filed another motion seeking leave to amend his complaint to add a claim of retaliation/wrongful termination. ECF No. 47. The Court granted that motion. *Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2025 WL 3267801, at *3 (D. Colo. Nov. 24, 2025). Both the defendant's objection to that Order, ECF No. 56, and the defendant's motion to dismiss the amended complaint, ECF No. 57, are pending.

**DISCUSSION**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254-55.

In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule and courts in this District generally disfavor stays." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2029) (quotations marks omitted). Further, "a stay is not warranted merely because Defendants filed a Motion to Dismiss that they believe is dispositive of this entire matter." *Id*. However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040 (3d ed. 2024); *see, e.g.,*

3

*Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

Considering the factors, the Court concludes that a stay is warranted.

First, with regard to the potential prejudice to the plaintiff of a delay and the plaintiff's interests in proceeding expeditiously, the plaintiff argues that a delay in proceeding with discovery may result in a decrease in evidentiary quality and witness availability. ECF No. 68 at 3–4. The plaintiff has an interest in proceeding expeditiously, and a stay could potentially prejudice him, though the prejudice he claims is similar for any plaintiff. Indeed, given the lengthy and unique procedural history of this case, the marginal prejudice occasioned by this stay may be somewhat less than in other more run-of-the-mill cases. In all events, this factor weighs against a stay, though not strongly so.

The defendant argues that it will be unfairly burdened if it is forced to engage in discovery when it believes the pending objection and motion to dismiss are meritorious and will result in this case being dismissed. ECF No. 65 at 6–7. Regardless of the merits of the objection and motion to dismiss, *see Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case."), engaging in discovery here could result in prejudice to the defendant particularly where one of the defendant's arguments for dismissal is jurisdictional and "the disposition of the motion to dismiss may significantly narrow the scope of discovery, if not entirely eliminate the need for any discovery." *Ashley v. Kellerman*, No. 25-cv-02673-PAB-SBP, 2025 WL 3170802, at *3 (D. Colo. Nov. 13, 2025). In short, engaging in

discovery at this point would unfairly burden the defendant. Accordingly, this factor weighs in favor of a stay.

In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Accordingly, the third and fifth factors weigh in favor of a stay.

Finally, regarding the interest of third parties, the plaintiff asserts that employees of the defendants "have been harmed and continue to be harmed" by the defendant. ECF No. 68 at 7. This lawsuit is between the plaintiff and the defendant — no other individuals are parties to this case and any relief that may be granted in this case only affects the parties in interest. The Court is not aware of any third parties who have an interest in this case. As a result, this factor is neutral.

A balance of these factors favors a stay. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (noting that a plaintiff's "interest in proceeding expeditiously" can be "overcome by the burden" of "proceed[ing] with discovery only to have the case dismissed for lack of subject matter jurisdiction"). Therefore, good cause exists to impose a stay of discovery in this case until the Court rules on the pending objection and motion to dismiss.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss and Defendant's Objection to Magistrate's Order, ECF No. 65, is **GRANTED**.

It is further ORDERED that this matter is **STAYED** pending further order of the Court.

It is further ORDERED that the defendant shall file a motion asking the Court to set a Scheduling Conference within **seven days** of the Court's ruling on the pending objection or motion to dismiss, whichever is addressed later, if any portion of the plaintiff's claims survive those rulings.

Entered and dated this 20th day of January, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge