Case No. 1:24-cv-00538-PAB-CYC    Document 70    filed 04/15/26    USDC Colorado
pg 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-00538-PAB-CYC

LARRY L. BARNES,

      Plaintiff,

v.

OMNICELL,

      Defendant.

---

## ORDER

---

This matter comes before me on Plaintiff's Motion for Recusal and Supporting Affidavit [Docket No. 61].[1]  Plaintiff Larry Barnes requests that I recuse myself from this case.  Docket No. 61 at 14.

Mr. Barnes seeks my recusal under 28 U.S.C. §§ 144 and 455.  *Id.* at 1.  Section 144 states that, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."  28 U.S.C. § 144.  Mr. Barnes filed an affidavit, which was notarized by a notary public.  Docket No. 61 at 13.  Under 28 U.S.C. § 455, a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice

---

[1] Because Mr. Barnes is proceeding pro se, I construe his filing liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

concerning a party." 28 U.S.C. § 455(a), (b)(1). "The provisions of 28 U.S.C. §§ 144 and 455 do not command automatic disqualification of the judge—on the contrary, the decision to recuse is committed to the sound discretion of the judge." *Green v. York*, No. 05-cv-01179-PSF-CBS, 2006 WL 1488851, at *3 (D. Colo. May 25, 2006) (citing *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987)). In fact, "[a] trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) (citations omitted).

The basis for Mr. Barnes's motion for recusal is due to my order accepting the recommendation of a magistrate judge in another case Mr. Barnes has before me. *See Barnes v. Omnicell*, 21-cv-01702-PAB-MEH, Docket No. 68. Mr. Barnes points to several examples in that order which he claims prove that I did not meaningfully examine his briefs, that I failed to consider various documents, and that I misunderstood the controlling facts. Docket No. 61 at 1-13. However, "[u]nfavorable judicial rulings . . . are insufficient grounds for recusal." *Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moreover, Mr. Barnes does not explain how my purported failure to properly rule on his objection to the magistrate judge's recommendation is indicative of bias against him. Adverse rulings "do not in themselves support a bias charge." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citation omitted). "They are grounds for appeal, not recusal." *Id.* (citation omitted).

Therefore, it is

**ORDERED** that Plaintiff's Motion for Recusal and Supporting Affidavit [Docket No. 61] is **DENIED**.

DATED April 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge